FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 MAY 14 PM 3:52

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DON BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 112-042 |
| | ) | |
| STATE OF GEORGIA, MEDICAL | ) | |
| COLLEGE OF GEORGIA POLICE | ) | |
| BUREAU, and C. ROMERO, Officer, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff commenced the above-captioned civil rights case *pro se*. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

I.  **BACKGROUND**

Plaintiff has named the following Defendants in his complaint: (1) the State of Georgia; (2) the Medical College of Georgia Police Bureau; and (3) Officer C. Romero. (Doc. no. 1, pp. 1-2.) Plaintiff alleges that on March 22, 2011, he was driving to a medical appointment in Augusta, Georgia, and as he approached an intersection near his destination,

a pedestrian suddenly appeared at a crosswalk on the side of the road in which he was traveling. (Id. at 5-6.) Plaintiff maintains that he slowed to a crawl and stopped his car at the legal stopping point while the pedestrian was still in the crosswalk. (Id. at 6-8.) Plaintiff further alleges that he did not drive through the crosswalk until the pedestrian had stepped "off of the roadway onto cement." (Id. at 8.)

Plaintiff states that he was subsequently pulled over by Defendant Romero, who issued Plaintiff a citation for failing to stop for a pedestrian in a crosswalk, in violation of O.C.G.A. § 40-6-91(a).[1] (Id. at 9-10 & Ex. 1 (copy of citation).) Plaintiff reports that he called the appropriate state judicial authority and informed several individuals that he did not intend to appear for the hearing scheduled for his citation or to pay for the "wrongful" citation.[2] (Id. at 13.) In his demand for relief, Plaintiff seeks an award of monetary damages. (Id. at 14.)

## II. DISCUSSION

As Plaintiff has not alleged that he was subjected to an arrest, his allegations could

---

[1] O.C.G.A. § 40-6-91(a) provides:

The driver of a vehicle shall stop and remain stopped to allow a pedestrian to cross the roadway within a crosswalk when the pedestrian is upon the half of the roadway upon which the vehicle is traveling, or when the pedestrian is approaching and is within one lane of the half of the roadway on which the vehicle is traveling or onto which it is turning.

[2] The online docket for the State Court of Richmond County reflects that the criminal proceeding for Plaintiff's citation is ongoing and that the court has issued a misdemeanor bench warrant for Plaintiff. The Court takes judicial notice of these facts. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting that a court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings).

only give rise to a claim under 42 U.S.C. § 1983 that he was unlawfully seized during the March 22, 2011 traffic stop, in violation of his Fourth Amendment rights. See Derosa v. Rambosk, 732 F. Supp. 2d 1285, 1293 (M.D. Fla. 2010) ("A traffic stop of a motor vehicle is a 'seizure' within the meaning of the Fourth Amendment .... Therefore, a traffic stop 'is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances.'" (quoting Whren v. United States, 517 U.S. 806, 810 (1996))).

However, pursuant to Younger v. Harris, 401 U.S. 37, 53 (1971), federal courts must abstain when adjudication of a litigant's claims would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. See also Heck v. Humphrey, 512 U.S. 477, 487 n.8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings."). While Younger involved a federal suit seeking equitable relief in the form of an injunction of the ongoing state proceedings, the Eleventh Circuit has also indicated that Younger abstention extends to cases involving § 1983 claims for monetary damages. See Doby v. Strength, 758 F.2d 1405, 1405-06 (11th Cir. 1985) (requiring abstention pursuant to Younger where plaintiff raised Fourth Amendment § 1983 damages claims related to ongoing state criminal proceedings).

Here, because the traffic stop at issue gave rise to Plaintiff's pending criminal charges, any ruling by this Court as to the constitutionality of the stop could substantially interfere with the results reached in the state court proceeding. See 31 Foster Children v. Bush, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal

3

proceeding will interfere with an ongoing state court proceeding" in determining whether Younger abstention is appropriate). Moreover, as Plaintiff is free to allege the same Fourth Amendment violations at issue here in his state criminal proceedings, he cannot demonstrate the lack of an adequate remedy at law. See Delgiudice v. Primus, Civil No. 5:12-cv-74, 2012 U.S. Dist. LEXIS 63781, at *9 (M.D. Ga. Apr. 5, 2012) (concluding that plaintiff had an adequate remedy at law with respect to constitutional claims that he could bring in his pending state criminal case). In addition, Plaintiff's allegations provide no indication of irreparable injury, which the hardships associated with having to defend against a criminal prosecution fail to establish as a matter of law. Younger, 401 U.S. at 47 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term.")

In sum, it is apparent in this case that Younger abstention is appropriate. Therefore, Plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE**. See Jackson v. Georgia, 273 F. App'x 812, 813-14 (11th Cir. 2008) (*per curiam*) (affirming *sua sponte* dismissal pursuant to 28 U.S.C. § 1915A due to Younger abstention); Smith v. Mercer, 266 F. App'x 906, 908 (11th Cir. 2008) (*per curiam*) (noting that "[a] dismissal pursuant to the Younger doctrine is without prejudice, and does not preclude later re-filing of the complaint").

## IV. CONCLUSION

For the reasons set forth above, this Court **REPORTS** and **RECOMMENDS** that

Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of May, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE